```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA

v.                                          CAUSE NO. 5:20-cr-10-DCB-FKB

JORDAN RESHARD THOMAS                                              DEFENDANT

### ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant Jordan Reshard Thomas ("Defendant")'s Motion to Reconsider Order On Motion To Suppress Evidence [ECF No. 41]. Defendant asks the Court to reconsider its prior order, [ECF No. 40], which denied Defendant's Motion to Suppress Physical Evidence [ECF No. 21] in connection with a handgun found on Defendant during a traffic stop. The Government filed a Response in Opposition, [ECF No. 42], and a supporting memorandum. [ECF No. 43]. Having reviewed all submissions of the parties, the record (including the transcript from the evidentiary hearing that the Court held on October 7, 2021), applicable statutory and case law, and being otherwise fully informed of the premises, the Court denies the Motion to Reconsider as follows:

## Background Facts

The background facts are set forth in detail in the Court's prior order, [ECF No. 40] at 2-4, and incorporated herein.  To summarize the key facts:  While on routine patrol, Adams County Sheriff's Deputy Thomas McGinty observed Defendant riding in a car without wearing a seatbelt in violation of Mississippi law.  The Deputy also saw that the driver was not wearing his seatbelt.  Deputy McGinty initiated a traffic stop of the vehicle and spoke with the driver.  A very short time thereafter, Sheriff's Deputy David Nations arrived and made a passenger-side approach of the vehicle.  Both deputies were wearing body cameras; both detected a strong smell of marijuana coming from inside the stopped vehicle.  Defendant conceded at the evidentiary hearing that he and the driver had been smoking marijuana shortly before.  When questioned during the stop, Defendant was untruthful about possessing a firearm.  Deputy Nations conducted a pat down for officer protection and removed a gun from Defendant's waistband.  Defendant also was untruthful to the deputies regarding his arrest record.  Although Defendant initially stated that he never had been arrested, it was determined that Defendant had been convicted of burglary, a felony offense.  Defendant was arrested for carrying a concealed weapon.

At the evidentiary hearing, Defendant presented a different version of the events and claimed that the deputies had lied. Defendant testified that both he and the vehicle's driver were wearing seatbelts and took them off when the deputies told them to step out of the car.  He also testified that Deputy Nations (not McGinty) initiated the traffic stop and waited in his unmarked car until Deputy McGinty arrived on the scene.

## Legal Analysis and Discussion

Defendant raises two points for reconsideration in his Motion: (1) the Court erred in its determination that the failure of the Adams County Sheriff's Office to preserve Deputy McGinty's bodycam video and certain case file documentation did not amount to bad faith; and (2) in its prior order, the Court should not have relied on the 911 audio recording that was submitted by the Government during the post-hearing supplemental briefing.

At the outset, the Court wishes to reiterate that it was necessary to make a credibility determination in this case because of conflicting testimony that was given by the parties. As the Court explained in its prior order, having observed the demeanor of the witnesses at the evidentiary hearing and having considered their testimony under direct and cross-examination, the Court found Sheriff Deputies McGinty and Nations to be more

3

credible than Defendant.  The testimony at the evidentiary hearing confirmed that Defendant was smoking marijuana before his arrest, he falsely denied possessing a firearm when questioned at the scene, and he did not tell the deputies the truth regarding his criminal history.  The Court found Deputy McGinty's testimony to be credible regarding Defendant's failure to wear a seatbelt as required under Mississippi law.  The Court also found credible the deputies' explanation for the missing case file items (i.e., Deputy McGinty's bodycam video, supplemental report, and warning citation).  Concluding that an administerial error had occurred in connection with the case file creation, the Court found no evidence of bad faith or misconduct on the part of the deputies.  See Order Denying Motion To Suppress Physical Evidence [ECF No. 40].

1.   Missing Bodycam Video and Documents.

Defendant now repeats his argument that the deputies' failure to preserve Deputy McGinty's bodycam video, along with the two other case file items, amounted to bad faith under the doctrine of spoliation and due process.  [ECF No. 41] at 3-5. Defendant urges the Court to reverse its ruling to the contrary. The burden rests on Defendant to prove bad faith on the part of the deputies.  See King v. Illinois Cent. R.R., 337 F.3d 550, 556 (5th Cir. 2003); Smith v. Chrysler Grp., LLC, No. 1:15-CV-218, 2016 WL 7741735, at *5 (E.D. Tex. Aug. 31, 2016); Rimkus

4

Consulting Grp., Inc. v. Cammarata, 688 F. Supp. 2d 598, 615–16 (S.D. Tex. 2010). Defendant presented no evidence of bad faith at the hearing and, in his briefing, presents speculative allegations regarding the "potential usefulness" of the missing bodycam video and documentation. Speculation and conclusory allegations fall short of demonstrating bad faith on the part of these deputies. Cf. Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) (holding that speculative or conclusory allegations cannot support a Brady claim); Zamora v. Davis, No. A-18-CV-787-LY, 2019 WL 2368682, at *6 (W.D. Tex. June 5, 2019)(petitioner's conclusory and unsupported assertion that the State or the police department destroyed evidence, rather than simply losing the evidence, did not prove that the entities acted in bad faith). On the record before the Court, Defendant has failed to meet his burden of proof. Arizona v. Youngblood, 488 U.S. 51, 58 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.").[1]

---

[1] Numerous federal courts have addressed similar situations of lost bodycam video or arrest documentation and found no bad faith on the part of law enforcement. See, e.g., United States v. Kennedy, 720 F. App'x 104, 109 (3d Cir. 2017) (finding no bad faith from the loss of dashcam video resulting from officer's failure to follow standard procedure); United States v. Bloodworth, 412 F. App'x 639, 640 (4th Cir. 2011) (where audio recordings of defendant's arrest were automatically purged by police software system, court concluded that "even if the recording of Defendant's traffic stop was potentially useful,

5

2. <u>911 Audio</u>.

Invoking the Confrontation Clause, Defendant complains that he did not have an opportunity to cross-examine the reliability of a 911 audio recording that the Government sought permission to file as an exhibit to its post-hearing supplemental brief.

---

the failure to preserve it was not motivated by bad faith."); <u>United States v. Varner</u>, 261 F. App'x 510, 518 (4th Cir. 2008) (a showing of bad faith sufficient to implicate due process concerns requires more than a simple failure to follow prescribed procedures); <u>United States v. Brown</u>, No. 2:19-CR-107-KOB-HNJ, 2019 WL 7834005, at *7 (N.D. Ala. Oct. 28, 2019), <u>report and recommendation adopted in part,</u> No. 2:19-CR-107-KOB-HNJ, 2020 WL 532967 (N.D. Ala. Feb. 3, 2020) (officer's failure to memorialize the stop in a supplemental report and the absence of officer's bodycam video was of no moment; the other officers' videos and the totality of the circumstances were sufficient); <u>United States v. MacDowell</u>, No. 1:18CR00010, 2019 WL 3889642, at *7 (W.D. Va. Aug. 19, 2019) (court found officer's testimony that he had forgotten to save his bodycam video of the incident and that it had been automatically erased 30 days following MacDowell's arrest to be credible); <u>United States v. Perry</u>, No. 2:18-CR-113, 2019 WL 4935448, at *4 (E.D. Va. Aug. 19, 2019), <u>report and recommendation adopted,</u> No. 2:18CR113, 2019 WL 4597499 (E.D. Va. Sept. 23, 2019) (evidence established that dashcam video was lost as a result of the Government's failure to follow standard procedures necessary to preserve it but did not prove bad faith); <u>Watkins v. Davis</u>, No. A-18-CV-00715-LY, 2019 WL 122056, at *6–7 (W.D. Tex. Jan. 7, 2019) (petitioner made only a conclusory and unsupported assertion that the State or the police department destroyed bodycam evidence, which was insufficient to prove that these entities acted in bad faith); <u>United States v. Cisneros</u>, No. 2:17-CR-0121-JAD-PAL, 2017 WL 8810688, at *9 (D. Nev. Dec. 14, 2017), <u>report and recommendation adopted,</u> No. 217CR00121JADPAL, 2018 WL 953339 (D. Nev. Feb. 20, 2018)(officer's failure to record the initial portion of the stop was negligent but was not sufficient to constitute bad faith or warrant dismissal on due process grounds).

See Government's Motion For Relief to Allow Clerk to Docket Attachment, [ECF No. 37]. Defendant filed no objection to the Government's motion and made no contemporaneous attempt to rebut the proposed attachment. The Court granted the Government's motion. [ECF No. 38]. Defendant raised no concerns about the 911 audio recording, until after the Court issued its order [ECF No. 40] that denied Defendant's motion to suppress the concealed handgun. [ECF No. 21]. However, the Court need not decide whether Defendant's failure to object contemporaneously resulted in a waiver of his Confrontation Clause challenge or whether the 911 audio is devoid of testimonial statements subject to the Confrontation Clause as the Government argues. [ECF No. 43] at 5-7. The Court's finding as to the credibility of Defendant's testimony versus that of Deputies McGinty and Nations is not dependent on the 911 audio recording. While the recording is consistent with the hearing testimony given by Deputies McGinty and Nations, the Court would reach the same factual and legal conclusions that are set forth in its order [ECF No. 40] with or without the 911 audio recording. The Court's credibility findings and ruling stand irrespective of the 911 audio recording.

    Accordingly,

IT IS HEREBY ORDERED that Defendant Jordan Reshard Thomas's Motion to Reconsider Order On Motion To Suppress Evidence [ECF No. 41] is DENIED.

SO ORDERED, this the 30th day of December 2021.

                                              /s/   David Bramlette
                                        UNITED STATES DISTRICT JUDGE